FIRST AND CITY NAT. BANK OF LEXINGTON, KY., v. McCROSSIN.

In re NEW METROPOLITAN HOTEL CO.

(Circuit Court of Appeals, Fifth Circuit. March 21, 1916.)

No. 2836.

1. INTOXICATING LIQUORS ⬤═327(1)—CONTRACT—INVALIDITY—NOTES.

Acts Ala. 1911, p. 266, § 28, declares that all agreements or obligations of any person to buy or sell exclusively a product or output of beer or other malt or spirituous liquors of any particular person or corporation in any licensed place of business shall be null and void, and that no person engaged in the manufacture or sale of liquors shall be allowed to conduct a retail business for the sale of liquors in his own name or in any other person's name, or furnish money or fixtures for that purpose, while section 34 declares that any person who assists or encourages another in doing any of the acts declared to be unlawful shall be guilty of a misdemeanor. A brewing company which sold beers to a hotel company, recommended to its bank a loan to the hotel company; the brewing company guaranteeing the loan. *Held*, that as the bank had the right to make the loan and the brewing company to sell liquors, notes given the bank by the hotel company are not invalid; it not appearing that the bank was party to any agreements on the part of the brewing company in relation to the sale of its beverages.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 467, 468, 470, 472; Dec. Dig. ⬤═327(1).]

2. BILLS AND NOTES ⬤═494—ACTIONS—BURDEN OF PROOF.

One attacking a note on ground of illegality of consideration has the burden of proof.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. ⬤═494.]

Appeal from the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

In the matter of the bankruptcy of the New Metropolitan Hotel Company. On motion of William P. McCrossin, trustee of the bankrupt, the claim of the First and City National Bank of Lexington, Ky., was disallowed and expunged by the referee, and on petition to review the order it was affirmed by the District Court, and the bank appeals. Order reversed, and cause remanded, with directions.

On the 24th day of June, 1914, the New Metropolitan Hotel Company of Birmingham, Ala., which conducted a barroom in connection with its hotel business, was adjudged bankrupt on its own petition. The appellee, Wm. P. McCrossin, was duly appointed trustee. Appellant, the First and City National Bank of Lexington, Ky., on August 15, 1914, filed its proof of claim, consisting of promissory notes, executed by the hotel company to the appellant, and amounting in the aggregate to approximately $8,000. Subsequently the trustee, McCrossin, filed a motion, seeking a re-examination of the claim, and prayed that it be disallowed and expunged. The referee sustained the motion, and entered an order disallowing and expunging the claim. Upon a petition to review the order of the referee the lower court denied the prayer of the petition, and passed an order, affirming and sustaining the order of the referee and taxing the costs against the petitioner. From the order last mentioned, the bank has appealed to this court.

Pursuant to the stipulation of counsel no written pleadings were filed before the referee, nor does the record contain any reasons assigned either by the trial court or by the referee, for disallowing the claim of appellant. It, how-

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ever, appears in the briefs and upon the oral argument of counsel that, to defeat the claim, the trustee relies upon sections 28 and 34 of an act of the Alabama Legislature (Acts Ala. 1911, pp. 266, 268), approved April 6, 1911. These sections are in the following words:

Section 28: "That all agreements or obligations of any person to buy or sell exclusively a product or output of beer or other malt or spirituous liquors of any particular person or corporation in any licensed place of business shall be null and void. Nor shall any person engaged in the manufacture or sale of spirituous, vinous or malt liquors be allowed to conduct a business for the retail of said liquors in his own name or in any other person's name, or to furnish money or fixtures for that purpose, and any agreement, lease or mortgage made for such purpose shall be null and void."

Section 34: "That any person who commits, or aids, or abets, assists, or encourages another in committing any of the acts herein declared to be unlawful shall be guilty of a misdemeanor, and upon conviction must be fined not less than fifty dollars, nor more than five hundred dollars, for the first offense and shall be sentenced to hard labor for the county or imprisoned in the county jail for not less than thirty days nor more than six months, upon each succeeding conviction, unless a different punishment is herein specifically provided for the offense."

A. Latady, of Birmingham, Ala., for appellant.

John P. Tillman, L. C. Leadbeater, and Tillman, Bradley & Morrow, all of Birmingham, Ala., for appellee.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

MAXEY, District Judge (after stating the facts as above). [1] Referring to the section of the act of the Alabama Legislature, quoted in the statement of the case, counsel for appellee declare in their brief that the obvious purpose of section 28 was to prevent the manufacturer from becoming a retailer of liquors in Alabama, in his own or another person's name, or from furnishing money or fixtures for that purpose. We are not disposed to differ with counsel as to their construction of the statute. But do the facts disclose that the money evidenced by the notes of appellant was lent or furnished in good faith by it, or was it a loan made in fact by the Lexington Brewing Company to the hotel company in the name of the bank to conceal the identity of the transaction? It may be admitted that if the bank actively participated in, or lent itself to, any unlawful purpose on the part of the brewing company, such participation would preclude its recovery on the notes. The question to be determined is therefore one of fact, and after a very careful examination of the record we are unable to say that the facts sustain the contention of the appellee. We regard the loan of the bank to the hotel company as one made in the ordinary course of business. And while it may be indirectly connected with the business transaction between the brewing company and the hotel company, assuming that the transaction was illegal, still the notes of the bank are supported by an independent consideration and require no aid of such transaction to sustain them.

The general principle of law applicable to a case of this character is clearly stated by the Supreme Court in the following language:

"An obligation will be enforced, though indirectly connected with an illegal transaction, if it is supported by an independent consideration, so that the

plaintiff does not require the aid of the illegal transaction to make out his case." Armstrong v. American Exchange Bank, 133 U. S. 469, 10 Sup. Ct. 461, 33 L. Ed. 747.

The bank had the right to lend money to the hotel company notwithstanding it conducted a bar in connection with the hotel business, and the brewing company had, under the Alabama statute, the right to sell it beer, provided it did not violate the exclusive provision of section 28. And although the bank knew that the hotel company sold beer and the brewing company was engaged in its manufacture, and although the loan to the hotel company was made on the recommendation of the president of the brewing company, who was a director of the bank, and notwithstanding the bank took the guaranty of the brewing company to secure the notes, yet these circumstances fall short of tainting the notes with illegality, since the president of the bank, according to his testimony, the truthfulness of which we see no reason to question, states positively that the bank was in no manner a party to any agreement between the hotel company or Mr. Frank, its president, and the brewing company for the sale of any portion of the beer products of the brewing company, and that he knew nothing of any such agreement. He further testified that the loan was made regardless of the sale of beer, and that Mr. Frank informed him he needed the money to make improvements on the hotel and to liquidate its indebtedness.

[2] The burden of impeaching the notes held by the bank for illegality rested upon the appellee, and our conclusion is that he failed to sustain it. The notes, therefore, should be allowed as a claim against the estate of the bankrupt. It follows that the order of the trial court should be reversed, and the cause remanded, for further proceedings in accordance with law and the views herein expressed; and it is so ordered.